19116:SCA/CPD:kls

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, | ) | No. 25-cv-06451 |
| Plaintiff, | ) | Honorable Andrea R. Wood |
| v. | ) | Magistrate M. David Weisman |
| VILLAGE OF LEMONT, a municipal corporation, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, ILLINOIS CENTRAL RAILROAD COMPANY, CANADIAN NATIONAL RAILWAY COMPANY, HANS SPELLMAN, and NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, VILLAGE OF LEMONT, a municipal corporation, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, ILLINOIS CENTRAL RAILROAD COMPANY, CANADIAN NATIONAL RAILWAY COMPANY, HANS SPELLMAN, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and states as follows:

## THE PARTIES

1. Plaintiff CATHERINE GALLAS is the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased. Letters of Office were issued on January 22, 2025, in Cook County Circuit Court Case 2024-P-8472, and Plaintiff has standing to bring this action under Illinois law.

2. Defendant VILLAGE OF LEMONT ("Township"), a municipal corporation, is a governmental entity with jurisdiction and maintenance responsibilities for Stephen Street and Main Street, including their respective sidewalks, in Lemont Township, County of Cook, State of Illinois.

3. Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, ("METRA"), is a commuter railroad system, with jurisdiction and maintenance responsibilities, operating trains on the tracks at or nearby Stephen Street and Main Street, including grade crossing no. 289735J, in Lemont Township, County of Cook, State of Illinois.

4. ILLINOIS CENTRAL RAILROAD COMPANY ("IC"), a railroad corporation, and subsidiary of Canadian National Railway Company, owns, maintains, and operates its Joliet Subdivision railroad facilities and two main line tracks running in a generally northeasterly direction through Stephen Street and Main Street, including grade crossing no. 289735J, in Lemont Township, County of Cook, State of Illinois.

5. Defendant CANADIAN NATIONAL RAILWAY COMPANY ("CN"), a Canadian railroad corporation, and parent company of IC, owns, maintains, and operates its Joliet Subdivision railroad facilities and two main line tracks running in a generally northeasterly direction through Stephen Street and Main Street, including grade crossing no. 289735J, in Lemont Township, County of Cook, State of Illinois.

6. HANS SPELLMAN, an agent and/or employee of National Railroad Passenger Corporation d/b/a AMTRAK, was employed as an engineer to operate AMTRAK train 22 train on the tracks at or nearby Stephen Street and Main Street, including grade crossing no. 289735J, in Lemont Township, County of Cook, State of Illinois.

7. Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("AMTRAK"), a railroad corporation, is a railroad system with jurisdiction and maintenance responsibilities operating trains on the tracks at or nearby Stephen Street and Main Street, including grade crossing no. 289735J, in Lemont Township, County of Cook, State of Illinois.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants under Section 5/2-209(a)(1) and Section 5/2-209(a)(2) of the Illinois Code of Civil Procedure as Defendants have transacted business and committed tortious acts within the State of Illinois.

9. Venue is proper under Section 5/2-101(2) of the Illinois Code of Civil Procedure because this cause of action arises out of events which occurred in Cook County, Illinois.

## NATURE OF THE OCCURRENCE

10. On May 25, 2024, ELIZABETH RIEGLER ("Decedent") was struck and killed by AMTRAK train 22 as she appeared to collect her two young children, who were nearby and traversing the area designated for pedestrians-the uncontrolled sidewalk of Stephen Street at Main Street which continued into grade crossing no. 289735J of the Joliet Subdivision. [1]

[1] https://www.cbsnews.com/chicago/news/woman-killed-amtrak-lemont-identified/

11. Decedent and her children resided near the southeast corner of the Stephen Street and Main Street intersection, at 406 Main Street, apt. 406B, Lemont, Illinois at all relevant times herein.

12. HANS SPELLMAN, an agent and/or employee of Defendant AMTRAK, operated AMTRAK train 22 in a generally northeasterly direction on the railroad tracks of the Joliet Subdivision at the time of the incident.

13. Prior to, and at all relevant times herein, all defendants agreed to install tracks and operate railroad services through the downtown district of Lemont by way of the Joliet Subdivision and grade crossing no. 289735J.

(Grade crossing no. 289735J at Stephen Street and Main Street intersection)



14. At all relevant times herein, a sharp curve existed in the aforementioned railroad tracks in the segment continuing northeastwardly to, and westerly from, Stephen Street-obstructing lines of sight from the tracks in both directions.

(Curving track at Lemont Street and Main Street)




15. This curving segment of the Joliet Subdivision was abutted by several tall trees and buildings, west of Lemont Street, which further obstructed the lines of sight along the tracks northeastwardly to, and westerly from, Stephen Street in the middle of downtown Lemont at all relevant times herein.

(View westwardly from grade crossing grade crossing no. 289735J)




16. The aforementioned tall trees were affixed along the railroad tracks right of way, within 500 feet of the grade crossing no. 289735J at Stephen Street and Main Street intersection.

17. According to Lemont Police Department's investigative report, Defendant AMTRAK's staff aboard AMTRAK train 22 did not notice decedent's presence in the area of grade crossing no. 289735J until the train sped northeastwardly past the sharp curve, trees, downtown buildings and Lemont Street.

18. AMTRAK train 22 was traveling approximately 60 mph, or more, when it activated its emergency brakes as it passed Matt's Barbecue located at 308 Canal Street, Lemont Illinois- significantly less than one mile westerly from decedent's location. Amtrak 22 struck decedent at approximately 60 mph.

19. HANS SPELLMAN, an agent and/or employee of Defendant AMTRAK, operating AMTRAK train 22 failed to activate its locomotive horns for the industry standard 4 blasts prior to reaching the intersections of Lemont Street/Main Street and Stephen Street/Main Street.

20. Within the the years preceding August 2009, Defendant Township designed, planned for and reconstructed its downtown streets for its growing traffic-including the public lands of Lemont Street, Stephen Street and Main Street, and that adjacent to grade crossing no. 289735J.

21. At no time prior to May 25, 2024, were pedestrian barricades, warming signs, gates and/or safety devices installed for the expected residential and business foot traffic on the otherwise uncontrolled sidewalks of the aforementioned downtown areas.

22. As of May 25, 2024, the grade crossing no. 289735J was without advanced warning signs or flexible delineators to provide some form of channelization.

23. In 2022, all defendants were notified that, even after executing the street reconstructions and redesigns, Defendant TOWNSHIP's streets and sidewalks of Stephen and Main had deficient and unsafe geometric conditions, outdated passive and active controls at grade crossing 289735J, and an immediate need to accommodate growing pedestrian traffic across Main Street.

24. On June 5, 2023, the Defendant TOWNSHIP, the Illinois Commerce Commission and Defendant CN met to discuss a Rail Crossing Improvement plan, and the aforementioned unsafe conditions of Stephen and Main and grade crossing 289735J were reiterated.

25. Further, during the June 5, 2023 meeting, Defendant TOWNSHIP reported that Village Police noted that in busy times there are many people running across the tracks at grade crossing no. 289735J, geometry at this intersection was a major concern, the use of flexible delineators could provide some form of channelization (albeit a short-term solution that does not address concerns and deficiencies), there was a need for better defining the geometric travel way and turning movements, as well as modifying geometry to restrict and channel pedestrians as a

part of planning an effective design, and defendant was to study of need for pedestrian gates.

26. On September 27, 2023, Defendant TOWNSHIP's village administrator, George Schafer, received a proposal for professional services from community engineering firm Veenstra & Kimm Inc. which included a proposal to address the same concerns.

27. Tragically, Defendant TOWNSHIP made no improvements to the sidewalks and/or areas of grade crossing no. 289735J after its reconstruction project created a condition that was not reasonably safe on Saturday May 25, 2024, at 3:00 p.m. when decedent was struck.

28. On September 30, 2024, another consulting firm, H.W. Lochner, Inc. wrote a memorandum to the Defendant TOWNSHIP, explaining the condition of areas, including that near grade crossing no. 289735J, in that the existing pedestrian crossing is located undesirably far from Stephen Street, that warning signals alone were ineffective at controlling pedestrian movements, the crossing from the park area was proposed to be closed, new sidewalk was proposed behind the curb beginning at the park on Canal Street and continuing south along Stephen Street, the sidewalk improvement may require the removal of some landscaping plants, adjustment of a utility structure, and sidewalk widening to accommodate a pedestrian swing gate.

29. Said unreasonably dangerous and uncontrolled sidewalk required pedestrians/families, including decedent and hers, to encounter the railroad tracks at grade crossing no. 289735J to either enjoy the downtown area or return home thereafter.

**COUNT I – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. VILLAGE OF LEMONT, a municipal corporation

30. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

31. At all relevant times herein, defendant TOWNSHIP owed the plaintiff a duty to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used.

32. At all relevant times herein, the defendant had actual and/or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have undertaken measures to remedy or protect against such condition, to wit: the ineffectively constructed and uncontrolled sidewalks at Stephen and Main Street approaching grade crossing no. 289735J which it reconstructed prior to May 25, 2024.

33. That at the aforesaid time and place, and all relevant times herein, defendant through its agents and/or employees, breached the aforesaid duty to the plaintiff through one or more of the following negligent and careless acts and/or omissions:

a) Failed to remedy known dangers, after it reconstructed and redesigned an uncontrolled pedestrian sidewalk at Stephen and Main Street in violation of 745 Ill. Comp. Stat. Ann. 10/3-103;

b) Constructed its intersection at Stephen and Main Street with deficient geometry to restrict and/or channel pedestrians;

c) Failed to employ any temporary safeguards for pedestrians;

d) Failed to maintain any railroad advance warning signs in violation of Ill. Admin. Code tit. 92, § 1535.310(b); and/or

e) Failed to remove brush, shrubbery, and trees as is reasonably practical for a distance of not less than 500 feet in either direction from its right of way of its grade crossing.

34. As a direct and proximate result of defendant's violation of its duty and one or more of the foregoing negligent acts and/or omissions, plaintiff suffered serious injuries of a personal and pecuniary nature, including but not limited to pain, suffering, and her untimely death.

35. At all times relevant to this Complaint, 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, was in full force and effect and applied to actions to recover damages for an injury to the person which survive death.

36. Plaintiff CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, demands judgment against the Defendant, VILLAGE OF LEMONT, a municipal corporation, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), plus the costs of this suit.

**COUNT II – NEGLIGENCE – WRONGFUL DEATH**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. VILLAGE OF LEMONT, a municipal corporation

37. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 36 as fully set forth herein.

38. Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

39. Plaintiff's Decedent ELIZABETH RIEGLER left surviving her as next-of-kin: her adult child, Grace McGovern; her minor children, Gavin Riegler and William Riegler; and her sister, Catherine Gallas.

40. Plaintiff's Decedent ELIZABETH RIEGLER's abovementioned next-of-kin suffered injuries as a result of Decedent's death, including loss of companionship, loss of society, grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant VILLAGE OF LEMONT, a municipal corporation, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT III – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA

41. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

42. At all relevant times herein, defendant METRA owed the plaintiff a duty to maintain its property, the railroad tracks of the Joliet Subdivision, grade crossing no. 289735J and adjacent grounds, in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used.

43. At all relevant times herein, the defendant had actual and/or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have undertaken measure to remedy or protect against such condition, to wit: the ineffectively uncontrolled sidewalks at Stephen and Main Street approaching grade crossing no. 289735J after a sharp curve in the tracks that was obstructed by trees and buildings.

44. That at the aforesaid time and place, and all relevant times herein, defendant through its agents and/or employees, breached the aforesaid duty to the plaintiff through one or more of the following negligent and careless acts and/or omissions:

a) Failed to use advance warnings as set forth in MUTCD in violation of Ill. Admin. Code tit. 92, § 1535.310(a)(1);

b) Failed to maintain any railroad advance warning signs in violation of Ill. Admin. Code tit. 92, § 1535.310(b); and/or

c) Failed to remove brush, shrubbery, and trees as is reasonably practical for a distance of not less than 500 feet in either direction from its right of way of its grade crossing in violation of 625 Ill. Comp. Stat. Ann. 5/18c-7401.

45. As a direct and proximate result of defendant's violation of its duty and one or more of the foregoing negligent acts and/or omissions, plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to pain, suffering, and her untimely death.

46. At all times relevant to this Complaint, 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, was in full force and effect and applied to actions to recover damages for an injury to the person which survive death.

47. Plaintiff CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, demands judgment against the Defendant, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), plus the costs of this suit.

**COUNT IV – NEGLIGENCE – WRONGFUL DEATH**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA

48. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 47 as fully set forth herein.

49. Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

50. Plaintiff's Decedent ELIZABETH RIEGLER left surviving her as next-of-kin: her adult child, Grace McGovern; her minor children, Gavin Riegler and William Riegler; and her sister, Catherine Gallas.

51. Plaintiff's Decedent ELIZABETH RIEGLER's abovementioned next-of-kin suffered injuries as a result of Decedent's death, including loss of companionship, loss of society, grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT V – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. ILLINOIS CENTRAL RAILROAD COMPANY

52. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

53. At all relevant times herein, defendant IC owed the plaintiff a duty to maintain its property, the railroad tracks of the Joliet Subdivision, grade crossing no. 289735J and adjacent grounds, in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used.

54. At all relevant times herein, the defendant had actual and/or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have undertaken measure to remedy or protect against such condition, to wit: the ineffectively uncontrolled sidewalks at Stephen and Main Street approaching grade crossing no. 289735J after a sharp curve in the tracks that was obstructed by trees and buildings.

55. That at the aforesaid time and place, and all relevant times herein, defendant through its agents and/or employees, breached the aforesaid duty to the plaintiff through one or more of the following negligent and careless acts and/or omissions:

a) Failed to use advance warnings as set forth in MUTCD in violation of Ill. Admin. Code tit. 92, § 1535.310(a)(1);

b) Failed to maintain any railroad advance warning signs in violation of Ill. Admin. Code tit. 92, § 1535.310(b); and/or

c) Failed to remove brush, shrubbery, and trees as is reasonably practical for a distance of not less than 500 feet in either direction from its right of way of its grade crossing in violation of 625 Ill. Comp. Stat. Ann. 5/18c-7401.

56. As a direct and proximate result of defendant's violation of its duty and one or more of the foregoing negligent acts and/or omissions, plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to pain, suffering, and her untimely death.

57. At all times relevant to this Complaint, 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, was in full force and effect and applied to actions to recover damages for an injury to the person which survive death.

58. Plaintiff CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, demands judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), plus the costs of this suit.

**COUNT VI – NEGLIGENCE – WRONGFUL DEATH**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. ILLINOIS CENTRAL RAILROAD COMPANY

59. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 58 as fully set forth herein.

60. Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

61. Plaintiff's Decedent ELIZABETH RIEGLER left surviving her as next-of-kin: her adult child, Grace McGovern; her minor children, Gavin Riegler and William Riegler; and her sister, Catherine Gallas.

62. Plaintiff's Decedent ELIZABETH RIEGLER's abovementioned next-of-kin suffered injuries as a result of Decedent's death, including loss of companionship, loss of society, grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant ILLINOIS CENTRAL RAILROAD COMPANY, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT VII – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. CANADIAN NATIONAL RAILWAY COMPANY

63. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

64. At all relevant times herein, defendant CN owed the plaintiff a duty to maintain its property, the railroad tracks of the Joliet Subdivision, grade crossing no. 289735J and adjacent grounds, in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used.

65. At all relevant times herein, the defendant had actual and/or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have undertaken measure to remedy or protect against such condition, to wit: the ineffectively uncontrolled sidewalks at Stephen and Main Street approaching grade crossing no. 289735J after a sharp curve in the tracks that was obstructed by trees and buildings.

66. That at the aforesaid time and place, and all relevant times herein, defendant through its agents and/or employees, breached the aforesaid duty to the plaintiff through one or more of the following negligent and careless acts and/or omissions:

a) Failed to use advance warnings as set forth in MUTCD in violation of Ill. Admin. Code tit. 92, § 1535.310(a)(1);

b) Failed to maintain any railroad advance warning signs in violation of Ill. Admin. Code tit. 92, § 1535.310(b); and/or

c) Failed to remove brush, shrubbery, and trees as is reasonably practical for a distance of not less than 500 feet in either direction from its right of way of its grade crossing in violation of 625 Ill. Comp. Stat. Ann. 5/18c-7401.

67. As a direct and proximate result of defendant's violation of its duty and one or more of the foregoing negligent acts and/or omissions, plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to pain, suffering, and her untimely death.

68. At all times relevant to this Complaint, 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, was in full force and effect and applied to actions to recover damages for an injury to the person which survive death.

69. Plaintiff CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 755 ILCS 5/27-6.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, demands judgment against the Defendant, CANADIAN NATIONAL RAILWAY COMPANY, for a sum in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), plus the costs of this suit.

**COUNT VIII – NEGLIGENCE – WRONGFUL DEATH**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. CANADIAN NATIONAL RAILWAY COMPANY

70. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 69 as fully set forth herein.

71. Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

72. Plaintiff's Decedent ELIZABETH RIEGLER left surviving her as next-of-kin: her adult child, Grace McGovern; her minor children, Gavin Riegler and William Riegler; and her sister, Catherine Gallas.

73. Plaintiff's Decedent ELIZABETH RIEGLER's abovementioned next-of-kin suffered injuries as a result of Decedent's death, including loss of companionship, loss of society, grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant CANADIAN NATIONAL RAILWAY COMPANY, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT IX – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. HANS SPELLMAN

74. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

75. That at the aforesaid time and place, and at all relevant times herein, Defendant HANS SPELLMAN operated and controlled AMTRAK train 22 as an actual and/or apparent agent and/or employee of the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK.

76. At the aforesaid time and place, and at all relevant times herein, the Defendant, HANS SPELLMAN, owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of said AMTRAK train 22 and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the right of way including decedent.

77. Defendant knew that his/her sight distance from AMTRAK train 22, around the curving Joliet Subdivision tracks obstructed with trees and buildings along the approach to grade crossing no. 289735J, was less than the approximate one-mile AMTRAK train 22 required for stopping distance.

78. Defendant knew AMTRAK train 22 could not swerve or stop for hazards noticed on the right of way too late.

79. Defendant knew grade crossing no. 289735J was installed on an uncontrolled pedestrian sidewalk.

80. That at the aforesaid time and place, and all relevant times herein, Defendant breached the aforesaid duty to the decedent through one or more of the following negligent and careless acts and/or omissions:

a) drove AMTRAK 22 into plaintiff's person;

b) failed to activate warning devices for 20 seconds prior to AMTRAK train 22 entering grade crossing no. 289735J;

c) otherwise operated AMTRAK train 22 in an unsafe manner; and/or

d) failed to exercise the generally accepted industry standard pattern of activating his locomotive horn for two long blasts, one short blast, and one final long blasts before entering grade crossing no. 289735J.

81. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, the decedent suffered injuries and damages of a personal and pecuniary nature including but not limited to pain, suffering, and her untimely death.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant HANS SPELLMAN, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT X – NEGLIGENCE – WRONGFUL DEATH**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. HANS SPELLMAN

82. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 81 as fully set forth herein.

83. Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

84. Plaintiff's Decedent ELIZABETH RIEGLER left surviving her as next-of-kin: her adult child, Grace McGovern; her minor children, Gavin Riegler and William Riegler; and her sister, Catherine Gallas.

85. Plaintiff's Decedent ELIZABETH RIEGLER's abovementioned next-of-kin suffered injuries as a result of Decedent's death, including loss of companionship, loss of society, grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant HANS SPELLMAN, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT XI – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

86. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

87. That at the aforesaid time and place, and at all relevant times herein, Defendant HANS SPELLMAN operated and controlled AMTRAK train 22 as an actual and/or apparent agent and/or employee of Defendant AMTRAK.

88. That at the aforesaid time and place, and at all relevant times herein, Defendant HANS SPELLMAN operated and controlled said AMTRAK train 22 within the scope of his employment for Defendant AMTRAK and/or the purposes of Defendant AMTRAK.

89. At the aforesaid time and place, and at all relevant times herein, Defendant AMTRAK had a right of control over said agent and/or employee, Defendant HANS SPELLMAN, in the operation of said AMTRAK train 22.

90. That at the aforesaid time and place, Defendant AMTRAK, through its agent and/or employee, HANS SPELLMAN, drove AMTRAK 22 into a violent collision with Plaintiff's person, causing Plaintiff's demise.

91. Defendant AMTRAK knew that its sight distance from AMTRAK train 22, around the curving Joliet Subdivision tracks obstructed with trees and buildings along the approach to grade crossing no. 289735J, was less than the approximate one-mile AMTRAK train 22 required for stopping distance.

92. Defendant AMTRAK knew AMTRAK train 22 could not swerve or stop for hazards noticed on the right of way too late.

93. Defendant knew grade crossing no. 289735J was installed on an uncontrolled pedestrian sidewalk.

94. At the aforesaid time and place, and at all relevant times herein, the Defendant, by and through its agent, owed a duty to the decedent, and to the public generally, to exercise due and proper care and caution in the operation of said AMTRAK train 22 and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the right of way including decedent.

95. That at the aforesaid time and place, and all relevant times herein, defendant through its agents and/or employees, breached the aforesaid duties to the plaintiff through one or more of the following negligent and careless acts and/or omissions:

a) drove AMTRAK 22 into plaintiff's person;

b) failed to activate warning devices for 20 seconds prior to AMTRAK train 22 entering grade crossing no. 289735J;

c) otherwise operated AMTRAK train 22 in an unsafe manner; and/or

d) failed to exercise the generally accepted industry standard pattern of activating locomotive horns for two long blasts, one short blast, and one final long blasts before entering grade crossing no.289735J.

96. As a direct and proximate result of defendant's violation of its duties and one or more of the foregoing negligent acts and/or omissions, plaintiff suffered serious injuries of a personal and pecuniary nature, including but not limited to pain, suffering, and her untimely death.

97. At all times relevant to this Complaint, 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, was in full force and effect and applied to actions to recover damages for an injury to the person which survive death.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

**COUNT XII – NEGLIGENCE – SURVIVAL ACTION**

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

98. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 29 as fully set forth herein.

99. At all relevant times herein, defendant owed the plaintiff a duty to maintain its property, the railroad tracks of the Joliet Subdivision, grade crossing no. 289735J and adjacent grounds, in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used.

100. At all relevant times herein, the defendant had actual and/or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have undertaken measures to remedy or protect against such condition, to wit: the ineffectively uncontrolled sidewalks at Stephen and Main Street approaching grade crossing no. 289735J after a sharp curve in the tracks that was obstructed by trees and buildings.

101. That at the aforesaid time and place, and all relevant times herein, defendant through its agents and/or employees, breached the aforesaid duties to the plaintiff through one or more of the following negligent and careless acts and/or omissions:

a) Failed to use advance warnings as set forth in MUTCD in violation of Ill. Admin. Code tit. 92, § 1535.310(a)(1);

b) Failed to maintain any railroad advance warning signs in violation of Ill. Admin. Code tit. 92, § 1535.310(b); and/or

c) Failed to remove brush, shrubbery, and trees as is reasonably practical for a distance of not less than 500 feet in either direction from its right of way of its grade crossing in violation of 625 Ill. Comp. Stat. Ann. 5/18c-7401.

102. As a direct and proximate result of defendant's violation of its duties and one or more of the foregoing negligent acts and/or omissions, plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to pain, suffering, and her untimely death.

103. At all times relevant to this Complaint, 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, was in full force and effect and applied to actions to recover damages for an injury to the person which survive death.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

## COUNT XIII – NEGLIGENCE – WRONGFUL DEATH

CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased vs. NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

104. Plaintiff CATHERINE GALLAS, as the Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, reasserts and realleges the allegations contained in paragraphs 1 through 103 as fully set forth herein.

105. Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, brings this action pursuant to the provisions of 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

106. Plaintiff's Decedent ELIZABETH RIEGLER left surviving her as next-of-kin: her adult child, Grace McGovern; her minor children, Gavin Riegler and William Riegler; and her sister, Catherine Gallas.

107. Plaintiff's Decedent ELIZABETH RIEGLER's abovementioned next-of-kin suffered injuries as a result of Decedent's death, including loss of companionship, loss of society, grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiff, CATHERINE GALLAS, as Independent Administrator of the Estate of ELIZABETH RIEGLER, deceased, prays for judgment against Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount necessary to compensate her fully and fairly for all losses directly related to its negligence, in an amount in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS plus costs of this suit.

Respectfully submitted,

**Steven Armbruster**
Attorney for Plaintiff
The Vrdolyak Law Group, LLC
9618 S. Commercial Avenue
Chicago, IL 60617
Phone: (773) 731-3311
sarmbruster@vrdolyak.com
wstennis@vrdolyak.com